## V. V. ASHFORD *vs.* LOUIS TITCOMB : A. DREIER, Garnishee.

QUESTION RESERVED BY JUDD, C. J.

OCTOBER TERM, 1885.

JUDD, C. J.; McCULLY and PRESTON, JJ.

Default and judgment were entered against defendant, in a term case, by a Judge at chambers, in vacation. The garnishee paid into Court the money in his hands, before the opening of the term. At the term defendant moved to open the default and vacate the judgment, for non-conformity to the statute.

Held, that all the proceedings were regular, under Section 1109, Compiled Laws; and that all reasons for setting aside default and vacating judgment must be addressed to the discretion of the Presiding Justice at the term.

OPINION OF THE COURT, BY McCULLY, J.

THIS matter comes before us on proceedings had October 9th, of which the record is as follows :

Default and judgment herein having been entered on August 28, 1885, defendant Titcomb now moves to open the default and vacate the judgment. After hearing the argument, the Court reserves the question for the full bench as to whether the default and judgment were properly entered in vacation, and takes under advisement the question of opening default.

Setting aside a default and vacating a judgment lies in the discretion of the Court, and is not to be reviewed in an Appellate Court. Freeman on Judgments, Sec. 90.

The argument before us extended beyond the the question of the legality of the entry of default and judgment, which alone the Appellate Court can consider, and was addressed to considerations which might affect the court of first instance. We leave them to that Court.

The record shows that a writ was issued July 25th, on complaint for recovery of a promissory note of $1,000, given by defendant Titcomb to Geo. Mundon & Co., January 8, 1885, at

three months, with interest, and by Mundon & Co. endorsed to plaintiff. Personal service was made on the principal defendant, August 6th; August 28th, the clerk of the Court certified that no answer had been filed. The garnishee, Dreier, had in the meantime responded in writing that he held of the defendant's property $1,095 82, to the amount of which he held himself liable. Upon the clerk's certificate and the answer of Dreier, Mr. Justice Preston in chambers signed an order placing the defendant in default, and ordering judgment to be entered against him upon an assessment by the clerk of the amount due and costs, and against Dreier for so much thereof as he had confessed to, and such judgment was entered forthwith. Dreier has paid the amount for which he confessed.

The statute, Sec. 1109, provides that upon failure of the defendant to put in an answer within the time specified in the summons (Sec. 1106 and Sec. 1101) which is twenty days, the plaintiff may prove service, for which the return of the Marshal will be sufficient proof, unless it is controverted, and prove default in answering by the clerk's certificate, and upon these two proofs shall be entitled to demand and receive of the Court or a Judge in chambers an order of default, and authorize the clerk, if the demand be upon a promissory note, to assess the amount and enter judgment therefor.

The defendant claims that in this case there was some want of formality or regularity by the non-appointment of a day or hour for taking the default, or because it was done in the private chambers of the Judge, or without some other record of what was done than the order itself, or because it was done two days after the expiration of the twenty days, or done in vacation.

We fail to see in any of these matters a non-conformity with the statute. There is no provision limiting the opportunity of taking an order of default to the day when it may first be taken. There is no notice to be given to the other party that a default is to be asked for. It is provided that it may be done by the Court or by a Judge in chambers, that is, in term time or "in vacation." And after judgment is entered, there is nothing in the statute to prevent recovery upon it by the usual methods. In the present instance, the garnishee availed himself of his privilege of an-

swering before the opening of the term, and so became liable for the amount held by him immediately upon the entry of judgment, and paid it forthwith.    This was nothing but a consequence of the entry of judgment, and could have been enforced by execution.

If there is any reason for setting aside the default and vacating a judgment, now for the most part satisfied, it must, in our view, be addressed to the discretion of the presiding Justice of the term.    It is to be remarked that no affidavit of a good defense has been filed, as required by the amendment of 1876 to Sec. 1106.

Our opinion is, therefore, that the proceedings were in all respects regular and as authorized by the statutes.

*Ashford & Ashford*, for plaintiff.

*Kinney & Peterson*, for defendant.

Honolulu, October 29, 1885.